IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

VANESSA K. HARDY )
)
v. ) NO. 3-14-0614
) JUDGE CAMPBELL
PRUDENTIAL LIFE INSURANCE )
COMPANY OF AMERICA, et al. )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 65), Objections filed by the Plaintiff (Docket No. 66), and Defendants' Response to the Objections (Docket No. 67).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. The Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

INTRODUCTION

This action involves Defendants' denials of Plaintiff's claims for short-term and long-term disability benefits under an Employee Retirement Income Security Act ("ERISA") plan. Plaintiff complains that the Defendants ignored favorable, objective evidence from her treating physicians; relied on opinions of file reviewers who never examined Plaintiff; and used file reviewers who frequently offer negative opinions for Defendants. She further objects that the Magistrate Judge should have remanded this case because of Defendants' failure to comply with the procedural requirements of ERISA.

STANDARD OF REVIEW

When an ERISA benefits plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the "arbitrary and capricious" standard of review is appropriate. *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 456-57 (6th Cir. 2003). The parties agree that the "arbitrary and capricious" standard applies in this case.

An ERISA plan administrator's decision on eligibility for benefits is not arbitrary and capricious if it is "rational in light of the plan's provisions." *McClain v. Eaton Corp. Disability Plan*, 740 F.3d 1059, 1064 (6th Cir. 2014); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 984 (6th Cir. 1991). A decision reviewed according to the arbitrary and capricious standard must be upheld if it results from a deliberate, principled reasoning process and is supported by substantial evidence. *McClain*, 740 F.3d at 1065. "When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Id.* The ultimate issue in an ERISA denial of benefits case is not whether discrete acts by the plan administrator were arbitrary and capricious but whether its ultimate decision denying benefits was arbitrary and capricious. *Evans v. UnumProvident Corp.*, 434 F.3d 866, 876 (6th Cir. 2006).

PLAINTIFF'S OBJECTIONS

Plaintiff claims that the Defendants ignored favorable, objective evidence from her treating physicians. Yet Defendants relied upon, among other things, Plaintiff's treating physicians at the Mayo Clinic, who performed in-person examinations and found no active synovitis in any joints of the upper lower extremities, no typical fibromyalgia tender points, and excellent range of motion of the lumbar spine upon flexion. The Mayo treating physicians could not reproduce pain over the SI joints or pain of the left issue area and found Plaintiff's gait to be normal and that she walked without difficulty. Moreover, Defendants relied upon Plaintiff's treating physicians at Vanderbilt

2

Pain Clinic, who also examined her in person and found that an MRI (objective evidence) showed no evidence of her current symptoms, that she was active in physical therapy and regular yoga, that there were no pain behaviors noted, and that her extremities were normal. Her Vanderbilt doctors also noted that her gait, cervical range and motor strength were normal.

Defendants also relied upon Plaintiff's medical records which reveal, among other things, a negative bone scan as of January 2013 and no inflammation in the sacroiliac joint. Defendants considered the records of her treating physician, Dr. Gore, which reveal that between February 1 and August 3, 2013, Plaintiff's laboratory work was normal, her musculoskeletal exams revealed no synovitis and no tender joints, and her range of motion was normal.

The independent physicians who reviewed Plaintiff's medical records found no objective evidence to support a disabling condition. Rather than ignoring Plaintiff's evidence from treating physicians, Defendants reviewed that evidence and found no objective evidence to support Plaintiff's subjective complaints of pain or Dr. Gore's finding that Plaintiff could not maintain employment.

It is true that Defendants relied upon the opinions of non-treating physicians who reviewed Plaintiff's medical records rather than examining Plaintiff in person. Plaintiff has not shown, however, that the medical records themselves, as opposed to her subjective complaints made to Dr. Gore, support an inability to work. As the Magistrate Judge stated, Plaintiff's subjective complaints of pain were acknowledged but were assessed by the file reviewers and deemed to be inconsistent with the objective medical evidence from physicians who <u>did</u> examine her.

The Court finds that Plaintiff has failed to show that the denial of benefits in this case was arbitrary or capricious. Defendants' decision was the result of a deliberate principled reasoning process, using Plaintiff's own medical records, and is supported by substantial evidence.

Plaintiff also contends that certain procedural deficiencies by Defendant should require remand of this action. The Court agrees with the Magistrate Judge that the alleged procedural problems do not make Defendants' decisions arbitrary and capricious. Plaintiff has not shown that any procedural violation prevented her from receiving a full and fair hearing.

Finally, Plaintiff argues that the file reviewers, the independent physicians who reviewed her medical records, were biased. The Report and Recommendation does not address this argument, and Defendants contend that Plaintiff has not argued it before. In any event, Plaintiff has failed to present credible evidence that the file reviewers in this case were biased or that any such bias affected their decision with regard to her benefits.

## CONCLUSION

For all these reasons, particularly given the highly deferential standard required in this case, the Court adopts and approves the Report and Recommendation. Plaintiff's Motion for Judgment on the Administrative Record (Docket No. 56) is DENIED, and the administrative decision is affirmed. Defendants' Motion for Summary Judgment is denied as moot.

This action is DISMISSED, and the Clerk is directed to close the file. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE